Defendant-appellant, Wade Baker, appeals the denial of his petition for postconviction relief. For the reasons that follow, we affirm.
In January 1989, appellant pleaded no contest to sexual battery with a threat of physical harm. Appellant was found guilty and sentenced to two and one-half to ten years imprisonment.
On October 17, 1996, appellant filed his petition, alleging that he was entitled to a definite sentence pursuant to the provisions of Amended Substitute Senate Bill 2 (hereinafter "Senate Bill 2"). The trial court denied appellant's petition without a hearing. On appeal, appellant claims the trial court's denial of his petition deprived him of due process and equal protection of the law and his right to be free from cruel and unusual punishment.
Appellant's primary argument centers on Senate Bill 2 and his claim that he has the right to be resentenced to a definite term of imprisonment. Sections 5 and 6 of Senate Bill 2 deal with the bill's effective date and provide for the following:
 Section 5. The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and to a person upon whom a court on or after that date and in accordance with the law in existence prior to that date imposed a term of imprisonment for an offense that was committed prior to that date.
 The provisions of the Revised Code in existence on or after July 1, 1996, apply to a person who commits an offense on or after that date.
 Section 6. Sections 1 and 2 of this act shall take effect on July 1, 1996.
It is abundantly clear that Sections 5 and 6 reflect the General Assembly's intent to apply Senate Bill 2 on a prospective basis. Thus, the new sentencing provisions only apply to offenses committed on or after the bill's July 1, 1996 effective date. State v. Carlton (May 28, 1996), Warren App. No. CA96-01-007, unreported. All offenses committed before the effective date of Senate Bill 2 are subject to the sentencing provisions of the Revised Code in existence prior to July 1, 1996. Id.
Since appellant was sentenced for an offense committed in 1989, the revised sentencing procedures contained in Senate Bill 2 are inapplicable. Appellant is not entitled to be "resentenced" and the trial court's denial of his motion for postconviction relief did not violate due process or equal protection of the law. Furthermore, appellant's sentence does not constitute cruel and unusual punishment.
The judgment of the trial court is hereby affirmed.
KOEHLER and POWELL, JJ., concur.